**Opinion issued August 14, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00050-CV

————————————

## CHARLES RIEVES JR., Appellant

## V.

## KRISTIN RIEVES, Appellee

On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Case No. 21-FD-1228

## MEMORANDUM OPINION

Appellant, Charles Rieves Jr., filed a notice of appeal from the trial court's January 2, 2023 Final Decree of Divorce entered in his suit for divorce filed against appellee, Kristin Rieves. On August 15, 2024, the Court abated this appeal and referred the case to mediation. The Court's abatement order directed the parties to

notify the Court within fifty days of the date of the order whether the parties settled the underlying dispute.

The parties failed to respond as required by the Court's abatement order. On February 20, 2025, the Court ordered the parties to provide a report regarding the status of mediation, or alternatively, to file a motion stating the grounds for reinstatement of the appeal. In response to the Court's order, on March 7, 2025, the parties notified the Court that mediation was scheduled for April 9, 2025.

On April 11, 2025, a "Binding Mediated Settlement Agreement" was filed with the Court, indicating that the disputed issues had been settled. The Court's records do not reflect what party which filed the "Binding Mediated Settlement Agreement." However, the Court's records are clear that the parties did not file a status report or seek dismissal of the appeal despite the apparent settlement agreement of the parties. Accordingly, on April 22, 2025, the Court ordered the parties to, within ten days of the date of the order, to either file a motion to reinstate and dismiss the appeal, or to otherwise notify the Court if the appeal had not been rendered moot by the parties' settlement agreement. The parties were further notified that the failure to respond to the Court's order could result in dismissal of the appeal. *See* TEX. R. APP. P. 42.3(c).

Despite the Court's notice that the appeal was subject to dismissal, appellant failed to respond to the Court's April 22, 2025 order. Accordingly, we reinstate the

appeal to the Court's active docket and dismiss this appeal "because the appellant has failed to comply with . . . a court order . . . requiring a response or other action within a specified time." *See* TEX. R. APP. P. 42.3(c), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.